# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ELISABETH O'NEAL,

        Plaintiff,

        v.

S. CROSBY, et al.,

        Defendants.

Case No. 3:23-cv-00077-SLG

**STANDING ORDER FOR CIVIL RIGHTS CASES
FILED BY SELF-REPRESENTED PRISONERS**

    The Clerk has received filings from self-represented prisoner Elisabeth O'Neal that have been docketed and assigned a case number in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Docketed items are the official court record. As required by federal law, the Court will review the filing and issue a Screening Order that will indicate whether this case may proceed in the federal district court. **Please note: It can take anywhere from a few weeks to a few months for the Court to issue a Screening Order, depending on how many cases are filed with the Court at any given time. Typically, cases are reviewed in the order in which they are received by the Court.**

    This order is intended to provide general information about civil litigation to self-represented prisoners. It is not a substitute for legal advice from an attorney. While the Court may act with leniency towards a self-represented litigant, attorneys

and self-represented litigants are expected to follow the same rules and procedures.[1] Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the court. The Court cautions that filing unnecessary motions or other documents, or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation.

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid. Under 28 U.S.C. §§ 1915, 1915A (the screening laws), a complaint must be dismissed if the action is:

- frivolous or malicious;
- fails to state a claim on which relief may be granted; or
- seeks monetary relief from a defendant who is immune from such relief.

If the Court finds your filing deficient, the Court may provide a statement of the deficiencies and guidance on to how to fix them and give you an opportunity to file an amended complaint. However, if the Court finds that the deficiencies cannot be fixed, the Court may dismiss the case without any further notice to you, or it

---

[1] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Standing Order for Self-Represented Prisoners
Page 2 of 6
Case 3:23-cv-00077-SLG   Document 7   Filed 05/22/23   Page 2 of 6

may give you an opportunity to voluntarily withdraw your complaint.[2]  Please note, federal law[3] requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."[4]  Prisoners who receive three or more strikes cannot bring any other actions without prepaying the full filing fee unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." [5]

If the Court finds that plausible claims exist in the complaint, then the case can proceed to the next stage of litigation.  The Court will then issue an Order Directing Service and Response that will explain the requirements of completing service of a Court-issued summons and copy of the complaint on each opposing party.  The complaint must not be served on any opposing party until the Court so orders.  All service must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED:**

---

[2] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[3] 28 U.S.C.A. § 1915(g).

[4] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[5] 28 U.S.C. § 1915(g). *See also Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S.Ct. 172 (2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for IFP status).

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Standing Order for Self-Represented Prisoners
Page 3 of 6
Case 3:23-cv-00077-SLG   Document 7   Filed 05/22/23   Page 3 of 6

1. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all court Orders.[6] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

2. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

3. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[7] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

---

[6] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules

[7] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Standing Order for Self-Represented Prisoners
Page 4 of 6
Case 3:23-cv-00077-SLG   Document 7   Filed 05/22/23   Page 4 of 6

4. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from Self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

5. When the Court receives a filing from a self-represented litigant, the Clerk's Office will mail to you a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for the case.

6. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

7. All case-related inquiries should be directed to the Clerk's Office.  It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case.  You may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

8. The Clerk of Court is directed to send the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 22nd day of May, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE