# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ELISABETH O'NEAL,

        Plaintiff,

        v.

S. CROSBY, *et al.*,

        Defendants.

Case No. 3:23-cv-00077-SLG

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION

On December 21, 2023, self-represented litigant Elisabeth O'Neal ("Plaintiff") filed two motions: a *Motion for an Extension* of time to complete service at Docket 10 and a *Motion for Copies* at Docket 11. Plaintiff also sent completed summonses and USM-285 forms.[1] Plaintiff contends she has been unable to obtain copies of her Complaint in order to effectuate service because the prison's copying costs are prohibitive, and she has not yet received copies from the outside service she contacted.[2] Plaintiff indicated her release date has been moved up to February 19, 2024 and requests a 60-day extension or to "pause" her Complaint.[3]

Having considered the filings, the Court will accord Plaintiff until March 18, 2024, to complete service. Because the Court is providing Plaintiff with an

---

[1] Docket 12.

[2] Dockets 10 at 1; 11 at 1.

[3] Docket 10 at 2.

additional month after her scheduled release date to complete service, the Motion for Copies at Docket 11 is DENIED as moot. Plaintiff is responsible for obtaining the necessary copies to complete services.

### PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF MAY BE MOOTED BY RELEASE FROM PRISON

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[4] "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."[5] Once an inmate is removed from the environment in which she was subjected to the challenged policy or practice, absent a claim for damages, she "no longer has a legally cognizable interest in a judicial decision on the merits of his claim."[6] However, "[i]f a plaintiff is entitled to collect damages in the event that [she] succeeds on the merits, the case does not become moot even though declaratory and injunctive relief are no longer of any use."[7] Plaintiff is informed that any claims

---

[4] *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); accord Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc).

[5] *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997).

[6] *Jones v. Williams,* 791 F.3d 1023, 1031 (9th Cir. 2015) (quoting *Alvarez v. Hill,* 667 F.3d 1061, 1064) (9th Cir. 2012); *see also McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1095 (9th Cir.2004) (prisoner's release from custody extinguishes his legal interest in an injunction because it would have no effect on him) (internal quotation marks and citation omitted)).

[7] *Z Channel Ltd. P'ship v. Home Box Office, Inc.,* 931 F.2d 1338, 1341 (9th Cir.1991).

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Order Granting Plaintiff's Motion for Extension
Page 2 of 5
Case 3:23-cv-00077-SLG   Document 13   Filed 01/04/24   Page 2 of 5

for injunctive or declaratory relief may be mooted by her release from incarceration. However, Plaintiff may continue to pursue monetary damages.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for an Extension at Docket 10 is **GRANTED.** Plaintiff shall complete service by **March 18, 2024.**

2. Plaintiff's Motion for Copies at Docket 11 is **DENIED as moot.**

3. Plaintiff must complete initial service of the Complaint and Summons on each of the defendants by **March 18, 2024**. All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure. The requirements of service are not completed until the proof of service has been submitted to the Court.

4. If Plaintiff identifies John/Jane Doe, Health Care Administrator, she may file a motion to substitute the identities of those defendants. Any unidentified defendant(s) will ultimately be dismissed from this action.

5. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, **within 30 days of her release**, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[8] Failure to comply may result in dismissal of this action.

---

[8] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Order Granting Plaintiff's Motion for Extension
Page 3 of 5
Case 3:23-cv-00077-SLG   Document 13   Filed 01/04/24   Page 3 of 5

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[9] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

7. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

8. The Clerk of Court **shall issue the summonses at Docket 12**.

---

[9] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Order Granting Plaintiff's Motion for Extension
Page 4 of 5

Case 3:23-cv-00077-SLG   Document 13   Filed 01/04/24   Page 4 of 5

9. The Clerk shall send the Court-issued summonses and a copy of the Court's forms PS11 (Non-Prisoner Application to Waive the Filing Fee) and PS 23 (Notice of Change of Address) to Plaintiff with this order.

DATED this 4th day of January 2024.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00077-SLG, *O'Neal v. Crosby, et al.*
Order Granting Plaintiff's Motion for Extension
Page 5 of 5

Case 3:23-cv-00077-SLG   Document 13   Filed 01/04/24   Page 5 of 5